Christopher P. Walker, Esq. (174533)
Law Office of Christopher P. Walker, P.C.
505 S. Villa Real Drive, Suite 204
Anaheim Hills, CA 92807
Tel: 714-639-1990
Fax: 714-637-1636

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HARRY BERKOWITZ<br><br><br>Debtors. | Case No. 8:10-12111 TA<br><br>Chapter 7 Proceeding<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING THE ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' REAL PROPERTY; DECLARATION OF HARRY BERKOWITZ IN SUPPORT THEREOF**<br><br>[No Hearing Set]<br><br>[11 U.S.C. §554(b); LBR 9013-1(g)(1)(B)] |

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE**, that Harry Berkowitz, the Debtor ("Debtors") of the above-referenced bankruptcy estate, hereby moves this Court for an order compelling the Chapter 7 Trustee, Jeffrey Golden ("Trustee") to abandon the estate's interest in the Debtor's real property, commonly known as 1611 Kings Road, Newport Beach, CA 92663 (the "Property") because this Property is burdensome and of inconsequential value to the estate.

1

1    This Motion is based upon the Memorandum of Points and Authorities set forth herein,
2 the Declaration of Harry Berkowitz ("Berkowitz Declaration") attached hereto, all pleadings,
3 papers and records on file with the Court and such other evidence, oral or documentary, as may
4 be presented to the Court at the time of the hearing, if any, on the within motion.

5    **IF YOU DO NOT OPPOSE THIS MOTION, YOU NEED TAKE NO ACTION.**
6 **HOWEVER, IF YOU OBJECT TO THE MOTION, PURSUANT TO LOCAL**
7 **BANKRUPTCY RULE 9013-1(o), EACH INTERESTED PARTY RESPONDING TO**
8 **THE MOTION MUST SERVE UPON THE DEBTOR'S COUNSEL, THE UNITED**
9 **STATES TRUSTEE, AND FILE WITH THE CLERK OF THE UNITED STATES**
10 **BANKRUPTCY COURT, OBJECTIONS TO THIS MOTION SETTING FORTH A**
11 **BRIEF, BUT COMPLETE WRITTEN STATEMENT OF ALL REASONS IN**
12 **OPPOSITION THERETO OR IN SUPPORT OR JOINDER THEREOF, AN**
13 **ANSWERING MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS**
14 **AND DOCUMENTARY EVIDENCE ON WHICH THE RESPONDING PARTY**
15 **INTENDS TO RELY, AND REQUEST A HEARING WITHIN FIFTEEN (15) DAYS OF**
16 **THE DATE OF SERVICE OF THIS MOTION.  UPON RECEIPT OF AN OBJECTION**
17 **AND REQUEST FOR A HEARING, DEBTOR'S COUNSEL WILL OBTAIN A**
18 **HEARING DATE AND GIVE APPROPRIATE NOTICE THEREOF.  FAILURE TO**
19 **TIMELY FILE AND SERVE A PROPER RESPONSE MAY BE DEEMED TO**
20 **CONSTITUTE CONSENT TO THE REQUESTED RELIEF.**

21 DATED: March 31, 2010                        **GOE & FORSYTHE, LLP**

23                                              By: _____
24                                                  Christopher P. Walker
                                                    Attorneys for Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

1. Debtors filed this chapter 7 petition on February 22, 2010.

2. Debtors initial 341(a) hearing is scheduled for April 12, 2010 at 8:00 a.m..

3. Prior to the Bankruptcy Case being filed on April 30, 2009, Carlton A. Post and Cheryl L. Post, Trustees of the Post Family Trust dated March 10, 1992 foreclosed on a deed of trust recorded 9/17/2007 on the Property. The Trustee's deed upon sale was recorded on May 5, 2009. As such, Debtor is not the legal or equitable title holder to the Property.

4. Moreover, while Debtor believes that the Property is valued at or near $2,500,000, Debtor is informed, believes and based thereon alleges that over $3,400,000 in debt is still recorded against the property

## II.

## THE COURT SHOULD ENTER AN ORDER COMPELLING THE ABANDONMENT OF THE ESTATE'S INTEREST IN THE PROPERTY BECAUSE IT IS OF INCONSEQUENTIAL VALUE AND BENEFIT TO THE ESTATE

Pursuant to Bankruptcy Code Section 554(b), abandonment of property of the estate is appropriate:

> "[O]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

11 U.S.C. §554(b).

Before ordering abandonment, the bankruptcy court must find either: 1) the property is burdensome of the estate; or 2) the property is both of inconsequential value and inconsequential benefit to the estate. In Re K.C. Mach and Tool Co., 816 F.2d 238 (6th Cir. 1987) (emphasis in original).

The Property was foreclosed on by a third party in April 2009. The Debtor has no interst in the property at all, thus it is of no value to the estate.

Moreover, the Property has loans on it that are at least the value of the Property.

3

1      Because the Property is of inconsequential value to the estate, the Debtor respectfully
2 requests the Court to Order the Trustee to abandon the estate's interest in the Property, pursuant
3 to Bankruptcy Code Section 554(b).

### III.

### PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(g)(1)(B) AN ORDER MAY BE OBTAINED GRANTING THIS MOTION WITHOUT A HEARING

7      Pursuant to Local Bankruptcy Rule 9013-1(g)(1)(B), upon not less than fifteen (15) days
8 notice to creditors and other parties-in-interest, orders may be obtained on the various motions
9 listed in the rule without a hearing, unless one is specifically requested by filing or serving a
10 written response that complies with Local Bankruptcy Rule 9013-1(g)(1)(B) and request for
11 hearing within fifteen (15) days of the date of service of the notice.

12      Bankruptcy Code § 102 provides, in pertinent part, as follows:

> "(1) 'after notice and a hearing', or a similar phrase -
>
>     (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
>     (B) authorizes an act without an actual hearing if such notice is given properly and if --
>
>         (i) such a hearing is not requested timely by a party in interest . . .

19 11 U.S.C. §102 (1)(A),(B).

20      The Debtor has provided all parties-in-interest with notice of this motion, as evidenced by
21 the proof of service attached hereto.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

## IV.

## CONCLUSION

Wherefore, the Debtors pray that the Court enter an order compelling the abandonment of the estate's interest in the Property back to the Debtor and for such other and further relief that the Court deems appropriate.

DATED: March 31, 2010

Respectfully submitted by:

**LAW OFFICE OF CHRISTOPHER P. WALKER**

By: _____
Christopher P. Walker
Attorneys for Debtor

## DECLARATION OF HARRY BERKOWITZ

I, Harry Berkowitz, declare and state:

I am a debtor in the above-captioned case. I have personal knowledge of the information set forth herein and if called upon as a witness, I could and would competently testify thereto.

1. I filed this chapter 7 petition on February 22, 2010

2. Debtors initial 341(a) hearing is scheduled for April 12, 2010 at 8:00 a.m..

3. Prior to the Bankruptcy Case being filed on April 30, 2009, Carlton A. Post and Cheryl L. Post, Trustees of the Post Family Trust dated March 10, 1992 foreclosed on a deed of trust recorded 9/17/2007 on the Property. The Trustee's deed upon sale was recorded on May 5, 2009. As such, Debtor is not the legal or equitable title holder to the Property. A true and correct copy of the Trustee's deed is attached hereto as Exhibit 1, which is incorporated herein by this reference.

4. Moreover, while Debtor believes that the Property is valued at or near $2,500,000, Debtor is informed, believes and based thereon alleges that over $3,400,000 in debt is still recorded against the property

I declare under the laws of the United States of America that the foregoing is true and correct. Executed this 23rd day of March 2010, in Irvine, California.

*Harry Berkowitz*
Harry Berkowitz

6

RECORDING REQUESTED BY
**RESS FINANCIAL CORPORATION**

AND WHEN RECORDED MAIL TO*

**WGC CAPITAL**
Attn: Bill Brooks
**343 THIRD STREET, SUITE 102**
**LAGUNA BEACH, CA 92651**

Recorded In Official Records, Orange County
Tom Daly, Clerk-Recorder

9.00

**2009000221769 08:00am 05/05/09**
120 49 T09 2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Loan No.: **2708101/BERKOWITZ**
A.P. No.: **049-222-58**
TRA No.: **07001**

RESS Order No.: **73381**

# TRUSTEE'S DEED UPON SALE

The undersigned Trustee hereby certifies:

1. The Grantee named herein below IS the foreclosing Beneficiary;
2. The amount of the unpaid debt, together with costs was $665,135.07;
3. The amount bid by the Grantee at the Trustee's Sale was $665,135.07;
4. Total Documentary Transfer Tax, based on the above is $0.00; and

**RESS Financial Corporation, a California corporation**, herein called "Trustee", as Trustee in the Deed of Trust herein referred to, hereby grants and conveys, without warranty, express or implied to **CARLTON A. POST AND CHERYL L. POST, TRUSTEES OF THE POST FAMILY TRUST DATED MARCH 10, 1992, AS AMENDED** herein called "Grantee", all right, title and interest heretofore acquired and held by Trustee in and to all that certain real property situated in the **City of NEWPORT BEACH** County of ORANGE, State of California, described as follows:

**LOT 44, BLOCK E OF TRACT 1219, IN THE CITY OF NEWPORT BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 38, PAGES 26 AND 27 IF.**

This conveyance is made pursuant to the power and authority conferred upon the Trustee in that certain Deed of Trust executed by **HARRY BERKOWITZ, AN UNMARRIED MAN** as Trustor, recorded **09/17/2007**, in Book n/a of Official Records of said County, at page n/a, Recorder's Instrument No. **2007000566666**, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance. Default occurred as set forth in that Notice of Default and Election to Sell Under Deed of Trust which was recorded **01/07/2009**, in Book n/a of Official Records of said County, at page n/a, Recorder's Instrument No. **200900005488**. All requirements of law regarding the mailing of copies of Notices for which Requests had been recorded, and otherwise, and regarding publication, recordation and posting of copies of a Notice of Trustee's Sale, have been complied with.

* Mail tax bill to the above

Trustee's Deed: TWC-008 (7/94)

| In re:<br>HARRY BERKOWITZ<br>Debtor(s). | CHAPTER 7<br>CASE NUMBER 10-12111 |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 505 S. Villa Real Drive, Suite 204, Anaheim, CA 92807.

The foregoing document described as ORDER ON MOTION BY DEBTOR TO REOPEN DEBTOR'S CHAPTER 7 CASE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 3/31/2010 checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
    Jeffrey I Golden    ljones@wgllp.com, jgolden@ecf.epiqsystems.com
    United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
    Christopher P Walker    lahineswalker@aol.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 03/17/2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 03/31/10 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*
_ Honorable Theodor Albert

☐    Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/31/2010 | Christopher P. Walker | /s/ Christopher P. Walker |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                           **F 9013-3.1**